IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

GOLDSTONE FINANCIAL GROUP, LLC,
AND ANTHONY PELLEGRINO

          Plaintiffs,

    v.

FINANCESCAM.COM

          Defendant.

Case No. 1:25-cv-07283-SRH

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR TRO

Pursuant to the Court's July 22, 2025 Order, Plaintiffs respectfully submit this Supplemental Memorandum in Support of Plaintiffs' Motion for Temporary Restraining Order Bridging to a Preliminary Injunction.

In their revised proposed Order and at the July 22, 2025 hearing, Plaintiffs requested that the Court include within the TRO the following language applicable to third-party internet service providers ("ISPs"):

> Any third-party internet service provider, domain registrar, hosting provider, or platform that receives actual notice of this Order and is hosting, enabling access to, or otherwise facilitating the extortionate, defamatory, and infringing online content identified in ECF 1-1, is temporarily enjoined from doing so, and is authorized and directed to take reasonable steps to disable public access to that content, pending further order of this Court.

Federal Rule of Civil Procedure 65(d)(2) grants this Court authority to issue a TRO that binds both the parties and all persons "in active concert or participation" with the parties who receive actual notice of the TRO. FED. R. CIV. P. 65(d)(2). While courts in this district routinely include third-party ISPs, including online marketplaces, social medial platforms, web hosts, domain name registers, and Internet search engines, within the scope of injunctive relief in counterfeiting

litigation, s*ee, e.g.*, *Ye v. Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 24-cv-02874, 2024 WL 3549567, at *2 (N.D. Ill. June 14, 2024) (restraining and enjoining third-party service providers from providing services to defendants, including continued operation of defendants' user accounts and storefronts), upon further reflection, and in view of Seventh Circuit case law,[1] Plaintiffs respectfully submit that the following language is more appropriate under the specific facts of this case and its current procedural posture:

> Plaintiffs are hereby authorized to serve a copy of this Order, along with a written request for removal, on any third-party internet service provider, domain registrar, search engine, hosting provider, or social media platform that displays or indexes the defamatory content identified in the Complaint.

> Upon receipt of this Order, such third parties are hereby encouraged (but not compelled) to suspend, remove, de-index, or otherwise disable access to the specified content.

To the extent any ISP does not wish to voluntarily cooperate, Plaintiffs will seek further, targeted relief as necessary and appropriate.

A revised proposed Order is submitted herewith.

Dated: July 23, 2025

/s/ *James J. Saul*
_____

James J. Saul
**FAEGRE DRINKER BIDDLE & REATH LLP**
320 South Canal Street
Suite 3300
Chicago, IL 60606
312 356 5053
james.saul@faegredrinker.com

*Attorney for Plaintiffs Goldstone Financial Group and Anthony Pellegrino*

---

[1] The Seventh Circuit's decision in *Blockowicz v. Williams*, 630 F.3d 563 (7th Cir.2010) considered Rule 65(d)(2) in the context of a third-party website's refusal to remove allegedly defamatory content posted by an enjoined defendant and suggests that whether a particular third-party service provider can be considered in "active concert or participation" with the defendant is a fact-intensive inquiry.