UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOLDSTONE FINANCIAL GROUP, LLC, AND ANTHONY PELLEGRINO<br><br>Plaintiffs,<br><br>v.<br><br>FINANCESCAM.COM<br><br>Defendant. | Case No. 1:25-cv-07283 |

**TEMPORARY RESTRAINING ORDER**

This matter having come before the Court on Plaintiffs' Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65, and the Court having considered the Motion, the supporting memorandum of law, declarations, and exhibits, and finding, in the absence of adversarial presentation, that:

1. This Court has subject matter jurisdiction over the subject matter of this case;

2. This Court has good cause to believe the Court will have jurisdiction over the parties;

3. Plaintiffs have shown a likelihood of success on the merits of their claims for cybersquatting, trademark infringement, false advertising, defamation per se, false light, and trade libel;

4. Plaintiffs will suffer immediate and irreparable harm without temporary injunctive relief;

5. There is no adequate remedy at law;

6. The balance of equities and public interest favor the issuance of appropriately tailored injunctive relief;

1

7. There is good cause for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b); and

8. A bond, in the form of cash, cashier's check, or surety, is to be filed in the amount of **$1,000.00**, with the Court.

9. The scope of this injunction is "broad enough to be effective," but narrowed within the scope of the Court's discretion to the evidence presented in the record regarding Plaintiffs' likelihood of success on the merits on the claims brought in the Complaint. *Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, 135 F.4th 572, 587 (7th Cir. 2025); *see Int'l Profit Assocs., Inc. v. Paisola*, 461 F. Supp. 2d 672, 679–680 (N.D. Ill. 2006) (limiting the scope of a TRO when plaintiff's request was inappropriately broad).

It is hereby **ORDERED** that:

1. Defendant FinanceScam.com, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be temporarily enjoined and restrained from:

    a. registering and using any internet domain or social media channel that incorporates Plaintiffs' Marks or any reproductions, counterfeit copies or colorable imitations thereof;

    b. transferring any of the Network domains and channels (identified in [1-1]) pending final adjudication of this case;

    c. publishing, republishing, maintaining, or operating any website, identified in [1-1], that contains statements falsely impugning Plaintiffs' professional

   integrity or character, or falsely implying or stating they have undertaken illegal, unlawful, unethical, immoral, or otherwise improper conduct;

   d. further infringing Plaintiff's Marks and damaging Plaintiff's goodwill; and

   e. from engaging in search engine optimization strategies using colorable imitations of Plaintiffs' names or trademarks.

2. Defendant shall, within 2 days of receiving notice of this Order:

   a. Remove the identified infringing, false, and defamatory content and statements from any domain or website under its control, identified in [1-1].

   b. Refrain from re-posting or otherwise republishing such statements.

3. Plaintiffs are hereby authorized to serve a copy of this Order, along with a written request for removal, on any third-party internet service provider, domain registrar, search engine, hosting provider, or social media platform that displays or indexes the defamatory content identified in [1-1].

4. Plaintiffs shall serve a copy of this Order, the supporting papers, and notice of any hearings on Defendant by electronic mail within one business day of its entry on the docket.

5. Plaintiffs shall deposit with the Court One Thousand Dollars ($1,000.00), either cash, cashier's check (payable to Clerk, US District Court), or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

6. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiffs or on shorter notice as set by this Court.

7. This Temporary Restraining Order is entered at 12:30 p.m. on July 24, 2025, and shall remain in effect for fourteen (14) days. Any motion to extend this Order must be filed by July 31, 2025.

**IT IS SO ORDERED**.

Sunil R. Harjani
United States District Judge